## UNITED STATES ex rel. RODRIGUEZ v. WEEKLY PUBLICATIONS, Inc. et al.

### Civ. 23–282.

United States District Court
S. D. New York.

June 2, 1949.

See, also, D.C., 74 F.Supp. 763.

Pomerantz Levy Schreiber & Haudek, New York City, for plaintiff-relator.

Whitman Ransom Coulson & Goetz, New York City, Joseph M. Proskauer, J. Alvan Van Bergh, Eugene Eisenmann, New York City, of counsel, for defendants.

RIFKIND, District Judge.

Plaintiff has moved for an order, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. directing

the separate trial of the issues of liability and damages in this action.

The action is in the nature of a qui tam suit on behalf of the United States under the provisions of 31 U.S.C.A. §§ 231, 232.

In support of his motion, the plaintiff asserts that whereas the issues of liability are simple and can be quickly disposed of by a jury, the issues of damages are exceedingly complicated and will undoubtedly require the services of a master. In substance, however, the plaintiff wants two jury trials, one to consider the question, of liability and the other to ascertain the damages. Whether that is a feasible disposition of this matter is the question which is to be decided.

The gravamen of this action is fraud. United States ex rel. Brensilber v. Bausch & Lomb Optical Co., 2 Cir., 1942, 131 F.2d 545.

An indispensable element of a cause of action for fraud is damages. See Brackett v. Griswold, 1889, 112 N.Y. 454, 466, 20 N.E. 376.

In other words, fraud in the abstract does not give rise to a claim. It is only fraud causally connected to damage which is the basis of an action.

In the instant case, the segregation of the issues of liability and damages and their trial to two separate juries would mean that the first jury would be confronted with the question of fraud in the abstract without the necessary connection to specific damage and the second jury would be confronted with the issues of damages without having before it the links which unite them to the fraud.

That this is the danger to which such a severance would expose this litigation is made clear by the very suggestion of plaintiff's counsel. He suggests that the jury trying the issue of liability should be presented with two questions as follows:

1. Between November, 1937 and November, 1943, did defendant Weekly Publications, Inc., systematically mail copies of Newsweek magazine to subscribers under subscriptions which it had obtained through agents or agencies on commission and on which subscriptions the amount received by Weekly Publications, Inc., after deducting the amount allowed or paid as commission, or as a rebate, or through other arrangements, was less than 30% of the amount of the regular advertised subscription price of Newsweek magazine? (Answer yes or no.).

2. If the answer to the foregoing question is yes: In presenting such copies of Newsweek magazine to the Post Office for mailing at the second class pound rates of postage, did defendants present to the Government of the United States a claim for the allowance of such postage rates, knowing such claim to be false, fictitious or fraudulent, by reason of which the United States sustained damage? (Answer yes or no.).

Assume that the jury answered each of those questions in the affirmative; by what method will the second jury, trying the issue of damages, determine whether the items of damage with which they are presented are causally connected to the particular kinds and species and instances of fraud which prompted the first jury to answer the two questions in the affirmative? It appears from the affidavits that there were 312 separate mailings to subscribers whose subscriptions were obtained by a variety of contracts, each of which is separately subject to independent examination as to whether the mailing was accompanied by fraud, scienter, reliance and damage.

This case presents, therefore, a set of facts which is quite different from the normal set of circumstances in which the power of the court to segregate issues for trial has been employed. This is not a separate defense, such as the statute of frauds, or release, or the statute of limitations, which may be separately adjudicated without in any way interfering with the trial of the remaining issues. It is strikingly different from the facts of the case relied on by plaintiff. Canister Co. v. National Can Corp., D.C.Del.1943, 3 F.R.D. 279.

There the separate issues were whether there was a contract and whether it was barred by the statute of frauds. In the admiralty, it is well established practice, in collision cases, first to ascertain liability and thereafter to refer the issues of damages to a commissioner. In a cause of ac-

tion for fraud, tried to a jury, this severability does not appear to be feasible.

■ The real difficulty annexed to the trial of this case, as the facts emerged upon the argument, does not spring from the complexity of trying liability and damages at the same time but is engendered by the plaintiff's demand for a jury trial. He is, of course, entitled to a trial by jury and, having made his demand, he can no longer dispense with a jury trial except with the consent of his adversary. Rule 38(b), Federal Rules Civil Procedure. I gathered from the argument that the defendant is disposed to consent to a trial without a jury provided all the issues were tried to the court. Such procedure would solve all the problems which confront the parties in the trial of this litigation. The proposal made by the plaintiff would solve some problems but deposit many other insoluble ones in their place.

■ I conclude that this is not a case where convenience would be furthered or prejudice avoided by the separate trial of the issues and the motion is, therefore, denied.