Plaintiff seeks to recover a sum due it under certain Government supply contracts. Defendant concedes that plaintiff satisfactorily performed the contracts and that the amount claimed would be due plaintiff were it not for the Government’s right to apply said amount in partial satisfaction of its claim against plaintiff arising out of certain exports of 'buses to Chile financed by the Agency for International Development (AID). In its first amended answer defendant recites that plaintiff purchased the stock of Divco-Wayne Corporation which was subsequently merged into plaintiff corporation, and that as a result of the merger plaintiff assumed liability for all claims against Divco-Wayne; and in its third offset and counterclaim, defendant alleges that Divco-Wayne in submitting supplier’s certificates containing false and fraudulent certifications and information to obtain payment of AID funds made and presented false claims and used false documents within the meaning of the False Claims Act, 31 U.S.C. §§ 231 et seq. This case comes before the court on plaintiff’s motion to dismiss defendant’s third offset and counterclaim on the ground that the Court of Claims lacks jurisdiction to hear and determine claims arising under section 231. Upon consideration thereof, together with the opposition thereto, without oral argument, on the basis of the decisions by this court in Frantz Equipment Co. v. United States, 122 Ct. Cl. 622, 105 F. Supp. 490 (1952) and Eastern School v. United States, 180 Ct. Cl. 676, 381 F. 2d 421 (1967), *1002 the court on October 16, 1972, by order, denied plaintiff’s motion and remanded the case to the trial commissioner for a prompt trial or other appropriate proceedings.