**CAPITAL ENGINEERING & MANU-
FACTURING COMPANY,
INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 263–87C.

United States Claims Court.

March 20, 1990.

James M. McHale, Washington, D.C., for plaintiff.

J. Andrew Jackson, Washington, D.C., with whom were Asst. Atty. Gen. Stuart M. Gerson, Director David M. Cohen, Director Michael F. Hertz, Asst. Directors Thomas W. Petersen and Stephen D. Altman, and Rachel Jacobson, Washington, D.C., for defendant. Major Peter J. Comodeca and Kathryn T. Hoener, Dept. of Army, Washington, D.C., of counsel.

## MEMORANDUM OPINION

LYDON, Senior Judge.

This government contract case comes before the court on the motion of plaintiff, Capital Engineering and Manufacturing Company (Capital), to dismiss count I of defendant's six counterclaims, and to stay the remaining proceedings in this court pending the outcome of a jury trial on defendant's counterclaim in a court of competent jurisdiction. Defendant brings count I of its counterclaims under the False Claims Act (FCA), 31 U.S.C. § 3729(a)(1), whereby defendant alleges that plaintiff has presented false, fictitious or fraudulent claims for payment to the United States, in that plaintiff knowingly supplied manufactured goods that did not conform to contract specifications and for which plaintiff was not entitled to payment.

## BACKGROUND

In 1981, plaintiff Capital entered into a contract to supply tank modification kits to the United States Department of the Army. The contract was substantially completed in 1985, but due to alleged material breaches of the contract terms, the government withheld payment to Capital of an economic price adjustment for increased costs under the contract, which led Capital to file suit in this court on May 8, 1987, seeking recovery of this payment. Defendant's answer contains six counterclaims setting up defenses to plaintiff's complaint, and seeks recovery of damages. These six counterclaims allege: (1) fraud under the FCA, 31 U.S.C. § 3729(a)(1); (2) fraud under the anti-fraud provision of the Contract Disputes Act of 1978 (CDA), 41 U.S.C. § 604; (3) breach of contract; (4) unjust enrichment; (5) payment under mistake of fact; and (6) Special Plea in Fraud, 28 U.S.C. § 2514.

Capital seeks, by its motion, to dismiss only count I of defendant's counterclaims, which alleges fraud under the FCA, on the grounds that plaintiff is entitled to a jury trial on this counterclaim under the seventh amendment to the United States Constitution. Plaintiff's motion also includes a request to stay proceedings in this court pending the outcome of a jury trial on count I in a court of competent jurisdiction.

## DISCUSSION

Capital advances two related arguments in support of its motion to dismiss defendant's FCA counterclaim. Plaintiff's primary argument is that it is entitled to a jury trial on defendant's counterclaim, pursuant to the seventh amendment, and since the Claims Court is a forum in which a jury trial is not available, count I should be dismissed so the claim can be resolved in federal district court. Plaintiff's related argument is that, assuming entitlement to a jury trial, plaintiff has not waived its right to a jury trial either by contracting with the federal government or by filing its complaint in the Claims Court.

An analysis of whether plaintiff has a seventh amendment right to a jury trial on the government's counterclaim must begin with an examination of the Claims Court's counterclaim jurisdiction, which is conferred by statute. The Claims Court has jurisdiction to hear and decide counterclaims raised by the government, pursuant to 28 U.S.C. § 1503 and § 2508. *See Martin J. Simko Constr. Co. v. United States*, 852 F.2d 540, 542 (Fed.Cir.1988) (citing *Cherry Cotton Mills, Inc. v. United States*, 327 U.S. 536, 539, 66 S.Ct. 729, 730, 90 L.Ed. 835 (1946)).

Section 1503 provides, in pertinent part: "The United States Claims Court shall have jurisdiction to render judgment upon any set-off or demand by the United States against any plaintiff." Section 2508 states, in pertinent part:

Upon the trial of any suit in the United States Claims Court in which any set-off,

counterclaim, claim for damages, or other demand is set up on the part of the United States in said court, the court shall hear and determine such claim or demand both for and against the United States and plaintiff.

These statutory provisions clearly indicate that Congress has conditioned its waiver of sovereign immunity on the right of the government to assert counterclaims. *See Ingalls Shipbuilding, Inc. v. United States,* 13 Cl.Ct. 757, 763 (1987), *rev'd on other grounds,* 857 F.2d 1448 (Fed Cir. 1988).

In the seminal case *McElrath v. United States,* 102 U.S. 426, 26 L.Ed. 189 (1880), the Supreme Court first confronted the issue of whether a plaintiff has a seventh amendment right to a jury trial on a government counterclaim. The Court held that, since the Court of Claims had statutory jurisdiction to hear and decide government counterclaims under the predecessor to 28 U.S.C. § 1503, a plaintiff has no seventh amendment right to a jury trial on the counterclaim. The Court explained the reason for its conclusion:

> Congress, by the act in question, informs the claimant that if he avails himself of the privilege of suing the government in the special court organized for that purpose, he may be met with a set-off, counter-claim, or other demand of the government, upon which judgment may go against him, without the intervention of a jury, if the court, upon the whole case, is of opinion that the government is entitled to such judgment. If the claimant avails himself of the privilege thus granted, he must do so subject to the conditions annexed by the government to the exercise of the privilege.

*McElrath, supra,* 102 U.S. at 440.

The broader issue of whether a seventh amendment right to a jury trial exists in suits against the federal government, including government counterclaims, has been considered by federal courts on numerous occasions since *McElrath.* With rare exceptions, these courts have followed the rationale of *McElrath* in holding that there is no seventh amendment right to a

jury trial in suits against the government. *See, e.g., Lehman v. Nakshian,* 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981); *Galloway v. United States,* 319 U.S. 372, 388, 63 S.Ct. 1077, 1086, 87 L.Ed. 1458 (1943); *United States v. Rush,* 804 F.2d 645, 647 (Fed.Cir.1986); *Funk v. Commissioner,* 687 F.2d 264, 266 (8th Cir.1982); *Maryland Casualty Co. v. United States,* 135 Ct.Cl. 428, 436–37, 141 F.Supp. 900 (1956); *Seaboard Lumber Co. v. United States,* 15 Cl.Ct. 366, 374 (1988); *Ingalls Shipbuilding, supra,* 13 Cl.Ct. at 767.

The cornerstone of these holdings is the doctrine of sovereign immunity, which the federal government must expressly waive in order to be sued at all. *See United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). As the government noted in its brief, the Claims Court's jurisdiction is derived from the federal government's waiver of sovereign immunity. As a result of the government's power to waive sovereign immunity, the Supreme Court has concluded "that Congress, despite the Seventh Amendment, may dispense with a jury trial in suits brought in the Court of Claims." *United States v. Sherwood,* 312 U.S. 584, 587, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941). In subsequent cases involving claims against the government, the Claims Court explained that the government may attach conditions to its waiver of sovereign immunity, such as "the right of the government to have all aspects of a contractor's claim determined in a single proceeding." *Ingalls Shipbuilding, supra,* 13 Cl.Ct. at 763. *See also Martin J. Simko Construction, supra,* 852 F.2d at 542 (under § 1503 and § 2508, the purpose of counterclaim jurisdiction is to permit government to have determined in a single suit all questions involving mutual obligations between government and claimant).

Capital's main argument regarding its constitutional right to a jury trial is composed of two parts. First, Capital contends that, since the government's fraud counterclaim seeks civil penalties, it is a suit "at common law," and the seventh amendment guarantees a jury trial for suits at common

law.[1]  Second, Capital argues that a counterclaim that seeks civil penalties is a "legal" rather than "equitable" cause of action.  In support of these contentions, Capital relies on *Tull v. United States*, 481 U.S. 412, 418–19, 107 S.Ct. 1831, 1836, 95 L.Ed.2d 365 (1987).

■ Capital concludes that it is entitled to a jury trial on the government's FCA counterclaim, since the counterclaim involves matters of "private right."  In support of its conclusion, Capital cites *Granfinanciera, S.A. v. Nordberg*, ⸺ U.S. ⸺, 109 S.Ct. 2782, 2790 n. 4, 106 L.Ed.2d 26 (1989), where the Court stated that the seventh amendment protects a litigant's right to a jury trial only if a cause of action is legal in nature and involves a "private right."  As the above discussion indicates, however, a suit in which the government must waive sovereign immunity is not a suit "at common law" within the purview of the seventh amendment, since, at common law, there was no right to sue the sovereign.  *See, e.g., Galloway, supra*, 319 U.S. at 388, 63 S.Ct. at 1086; *McElrath, supra*, 102 U.S. at 440; *Seaboard Lumber, supra*, 15 Cl.Ct. at 374; *Ingalls Shipbuilding, supra*, 13 Cl.Ct. at 766.

Capital relies heavily on the authority of *Tull, supra*, for the proposition that Capital has a seventh amendment right to a jury trial on the government's FCA counterclaim.  The court finds that *Tull* can be distinguished, however.  As the Claims Court noted in *Seaboard Lumber*, "in *Tull* Congress established a federal cause of action and placed it in a district court where provisions for a jury trial exist."  *Seaboard Lumber, supra*, 15 Cl.Ct. at 374.  Moreover, *Tull* involved a suit brought *by* the government, not against it, to collect civil penalties under a federal statute, the Clean Water Act.  Therefore no issue of sovereign immunity was involved.

■ Capital argues that, like *Tull*, the government's FCA counterclaim in this case is an action seeking civil penalties, which is comparable to an 18th–century action at common law.  Capital contends that, under *Tull*, the seventh amendment entitles Capital to a jury trial if the action is comparable to an action at law and if the nature of the remedy is legal, and not equitable.  This argument, however, ignores an important distinction, which is that *Tull* involved a suit brought by the government, not against it, and therefore, as mentioned above, no issue of sovereign immunity existed.  As the above discussion indicates, this is a significant distinction because suits against the government are not "actions at common law" as contemplated by the seventh amendment, and since historically there existed at common law no right to sue the federal government, there is no right to a jury trial in suits against the government unless provided by statute.  *See, e.g., Galloway, supra*, 319 U.S. at 388, 63 S.Ct. at 1086; *McElrath, supra*, 102 U.S. at 440; *Seaboard Lumber, supra*, 15 Cl.Ct. at 374; *Ingalls Shipbuilding, supra*, 13 Cl.Ct. at 766.  Capital's argument that *Tull* precludes the application of *McElrath* and *Ingalls Shipbuilding* to the facts of this case ignores the ·fact that the government in *Tull* brought suit under a federal statute providing for jurisdiction in the district courts, where a jury trial is available.  No such statutory provision exists here.

Capital relies on *Granfinanciera, supra*, to support the second part of its argument, that the government's counterclaim involves matters of "private right."  This case is also distinguishable, however.  In *Granfinanciera*, the Supreme Court held that a bankruptcy trustee had a right to a jury trial, under the seventh amendment, since an action to recover a fraudulent conveyance is a "private right," not a "public right."  The Court explained that "Congress may only deny trials by jury in actions at law ... where 'public rights' are litigated."  *Granfinanciera, supra*, 109 S.Ct. at 2795.

Although Capital argues that the government's civil false claims counterclaim is an

---

1. The seventh amendment to the constitution states, in pertinent part: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved...."

action seeking civil penalties, and is therefore a "private right" requiring a trial by jury, Capital fails to note that the court in *Granfinanciera* drew an important distinction between "private" and "public" rights. " '[P]rivate right' [is] 'the liability of one individual to another under the law as defined' ... in contrast to cases that 'arise between the Government and persons subject to its authority in connection with the performance of the constitutional functions of the executive or legislative departments.' " *Granfinanciera, supra,* 109 S.Ct. at 2795 n. 8 (quoting *Crowell v. Benson,* 285 U.S. 22, 50–51, 52 S.Ct. 285, 292, 76 L.Ed. 598 (1932)). *See also Rush, supra,* 804 F.2d at 647 (government crossclaims or counterclaims brought in Claims Court are matters involving "public rights"); *Seaboard Lumber, supra,* 15 Cl.Ct. at 374. Furthermore, in finding that Congress may only deny jury trials in actions at law, the Supreme Court noted that "in cases where 'public rights' are litigated[,] '[o]ur prior cases support administrative factfinding in only those situations involving "public rights," *e.g.,* where the Government is involved in its sovereign capacity under an otherwise valid statute creating enforceable public rights.' " *Granfinanciera, supra,* 109 S:Ct. at 2795 (quoting *Atlas Roofing Co., Inc. v. Occupational Safety and Health Review Comm'n,* 430 U.S. 442, 458, 97 S.Ct. 1261, 1270, 51 L.Ed.2d 464 (1977)).

■ Capital's reliance on *United States ex rel. Rodriguez v. Weekly Publications,* 9 F.R.D. 179 (S.D.N.Y.1949), can be distinguished as well. In *Rodriguez,* the district court held that plaintiff, who brought a *qui tam* action on behalf of the government for false claims against the government, under the predecessor to the FCA, was entitled to a jury trial under the seventh amendment. Although the district court did not discuss plaintiff's right to a jury trial, the rule that there is no seventh amendment jury trial right in suits against the government does not apply to suits by, or on behalf of, the government. *See, e.g., Tull, supra,* 481 U.S. at 418–19, 107 S.Ct. at 1836.

■ As the above discussion makes clear, the government's counterclaim alleging fraud under the FCA is not a "private right," but rather is a "public right," and therefore does not require a trial by jury. As a condition to the government's waiver of sovereign immunity, Congress has, by statute, granted the government a right to assert counterclaims against plaintiffs in the Claims Court, in which no jury trial is available.

It is well-settled that the Claims Court has jurisdiction over the government's FCA counterclaim in this case. In *Martin J. Simko Construction, supra,* the Federal Circuit expressly held that the Claims Court has jurisdiction over the government's counterclaims brought under the FCA, the anti-fraud provision of the CDA, and the government's Special Plea in Fraud. *Martin J. Simko Construction, supra,* 852 F.2d at 542. *See also Brown v. United States,* 207 Ct.Cl. 768, 785, 524 F.2d 693, 703 (1975) (Court of Claims has jurisdiction over government's FCA counterclaim); *Frantz Equip. Co. v. United States,* 122 Ct.Cl. 622, 631, 105 F.Supp. 490, 493–94 (1952) (Court of Claims has jurisdiction over government's counterclaim for excess profits); *Seaboard Lumber, supra,* 15 Cl.Ct. at 374 (Claims Court has jurisdiction over government's counterclaim under the CDA); *Ingalls Shipbuilding, supra,* 13 Cl.Ct. at 767 (Claims Court has jurisdiction over government's counterclaims under CDA and Special Plea in Fraud).

As case law makes clear, Capital's argument that it has a constitutional right to a jury trial on the government's FCA counterclaim is not well-founded. The FCA counterclaim is not a suit "at common law" under the seventh amendment, and it involves matters of "public right." Therefore, there is no seventh amendment right to a jury trial on the government's counterclaim, because the doctrine of sovereign immunity operates to preclude any right to sue the federal government absent its consent. Capital's argument that its constitutional right to a jury trial is more compelling than the government's right to assert a counterclaim under the FCA is, therefore, without merit, since the government has

conditioned its waiver of sovereign immunity on the right to assert counterclaims.

Therefore, Capital's argument that it has a constitutional right to a jury trial under the seventh amendment on the government's FCA counterclaim is without merit. The court clearly has jurisdiction to hear and decide all six of the government's counterclaims, including its fraud claims under the False Claims Act and under the anti-fraud provision of the CDA, as well as the Special Plea in Fraud. Since the court has found that plaintiff is not entitled to a jury trial, plaintiff's related argument that it has not waived its right to a jury trial is moot.[2] Plaintiff's motions to dismiss count I of defendant's counterclaims, and to stay the remaining proceedings in this court, are hereby DENIED. Plaintiff is to file its responsive pleading to defendant's counterclaims and Special Plea in Fraud within thirty (30) days of the date of this opinion, or by April 19, 1990.

---

**2.** Although plaintiff contends that it did not waive its purported right to a jury trial by filing suit in the Claims Court, the Court of Claims held in *Frantz Equipment, supra,* that under the terms of the statute conferring counterclaim jurisdiction on the Court of Claims, and under the rule of *McElrath:*

> [T]he plaintiff, by instituting suit in this court impliedly consented, as a condition to such right to sue the United States, that any counterclaim interposed by the United States

should be heard and determined by this court without the intervention of a jury. The right to a jury trial in a civil case may be waived. *Frantz Equipment, supra,* 122 Ct.Cl. at 631, 105 F.Supp. at 496.

Therefore, even if the court were to find that Capital has a constitutional right to a jury trial, which the court is not prepared to do, Capital may be said to have waived that right by bringing suit in the Claims Court.