**UNITED STATES v. FRANTZ et al.**

**Civ. A. No. 5029.**

United States District Court
E. D. Pennsylvania.

June 28, 1950.

Thomas J. Curtin, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Harry N. Ball, Rawle & Handerson, by George M. Brodhead, all of Phildelphia, Pa., for defendants.

BARD, District Judge.

This action is brought by the government under the Renegotiation Act[1] to recover $60,000 excess profits less $1,231.57 which the government admits it owes the defendants. It is now before me on the United States of America's motion for judgment on the pleadings and for summary judgment.

The defendants are William H. Frantz, H. P. Frantz, and J. J. McDevitt, individually and as co-partners doing business as Frantz Equipment Company, a co-partnership.

On December 20, 1943 the Under Secretary of War unilaterally determined that of the profits realized by the defendants during their fiscal year ending September 30, 1942 on their contracts and sub-contracts subject to renegotiation, $60,000 thereof were excess profits. The defendants did not appeal this determination to

1. Act of April 28, 1942, c. 247, Title IV, § 403, 56 Stat. 245, as amended by the Act of October 21, 1942, c. 619, Title VIII; § 801(a–c), 56 Stat. 982, Act of July 1, 1943, c. 185, § 1, 57 Stat. 348, Act of July 14, 1943, c. 239, §§ 1–4, 57 Stat. 564, Act of February 25, 1944, c. 63, Title VII, § 701(b), 58 Stat. 78, 50 U.S.C.A.Appendix, § 1191.

the Tax Court or to any other court, but now, as a defense, seek to review it as a proceeding de novo.

The government contends that, pursuant to the Revenue Act of 1943[2] which was enacted on February 25, 1944, and which amended the Renegotiation Act, the defendants' failure to appeal the Under Secretary's determination to the Tax Court made such determination final and conclusive.

The Revenue Act of 1943 amended subsection 403(d) (1) to create a War Contracts Price Adjustment Board (hereinafter called Board) to review and renegotiate war-time contracts made by the government.

Subsection 403(c) (1) was amended to provide in part that, "In the absence of the filing of a petition with The Tax Court of the United States under the provisions of and within the time limit prescribed in *subsection (e) (1)*, such order [*of the Board*] shall be final and conclusive and shall not be subject to review or redetermination by any court or other agency." (Emphasis added.)

Subsection 403(e) (1) was also amended and provides in part that, "Any contractor or subcontractor aggrieved by an *order of the Board* * * * may, within ninety days * * * after the mailing of the notice of such order * * *, file a petition with The Tax Court of the United States for a redetermination thereof. Upon such filing such court shall have exclusive jurisdiction * * * to finally determine the amount, if any, of such excessive profits received * * *, and such determination shall not be reviewed or redetermined by any court or agency. * * * A proceeding before the Tax Court * * * shall be treated as a proceeding de novo." (Emphasis added.)

The Renegotiation Act as originally enacted and as it existed prior to the passage of the 1944 amendment provided that the Secretary of the Department was to review and renegotiate the government's war-time contracts.

To allow for situations created by determinations made under the original Act, and Revenue Act of 1943 provided in Subsection 403(e) (2) that, "Any contractor or subcontractor * * * aggrieved by a *determination of the Secretary made prior to the date of the enactment of the Revenue Act of 1943, with respect to a fiscal year ending before July 1, 1943,* as to the existence of excessive profits, * * *, *may,* within ninety days * * * after the enactment of the Revenue Act of 1943, file a petition with The Tax Court of the United States for a redetermination thereof * * *."

From the above quoted portions of the amendments made by the Revenue Act of 1943, it becomes readily apparent that there is a definite distinction between orders issued by the Board after the enactment of this Act and determinations made by a Secretary prior to its enactment.

Subsection 403(c) (1) by its own terms only applies to Subsection 403(e) (1) and makes final and conclusive an *order of the Board* if such order is not appealed to the Tax Court. Subsection 403(e) (1) only applies to appeals from an order of the Board. An order of the Board could only have been issued on or after February 25, 1944, the date the Revenue Act of 1943 was enacted, which Act created the Board.

On the other hand, Subsection 403(e) (2) applies to *determinations of a Secretary* which have been made prior to the enactment of the Revenue Act of 1943 and with respect to a fiscal year ending before July 1, 1943. As in Subsection 403(e) (1), so also in Subsection 403(e) (2) is a review of the Secretary's determination by the Tax Court made optional, since an appeal "may" be taken. There is nothing, however, in either the original Renegotiation Act or the Revenue Act of 1943 which makes the determination of a Secretary final and conclusive if an appeal is not taken to the Tax Court or any other court, for Subsection 403(c) (1) does not apply to Subsection 403(e) (2).

2. Act of February 25, 1944, c. 63, Title VII, § 701(b), 58 Stat. 78, 50 U.S.C.A.Appendix, § 1191.

Therefore, I conclude that, as in this case where the defendants' fiscal year ended September 30, 1942, the Under Secretary of War's determination was made on December 20, 1943, and the Revenue Act of 1943 was enacted on February 25, 1944, the determination of a Secretary is not final and conclusive, and the defendants in their defense may have it reviewed as a proceeding de novo.

The government urges that the case of Lichter et al., doing business as Southern Fireproofing Co. v. United States, 334 U.S. 742, 68 S.Ct. 1294, 92 L.Ed. 1694, supports its position. The Lichter case involved three determinations by Secretaries which were made in September, October and December, 1944. Since those determinations were made after the enactment of the Revenue Act of 1943, the Supreme Court expressly acknowledged that the situation now before me was not before them. Id. 334 U.S. at page 790, 68 S.Ct. 1294, 92 L. Ed. 1694. Therefore, any statements made by the Supreme Court regarding the finality of a Secretary's determination which comes within the scope of Subsection 403(e) (2) are dicta, and I am not bound by the Lichter decision.

In view of the foregoing opinion, I need not discuss the validity of the other contentions raised by the defendants in opposition to the plaintiff's motion.

The United States of America's motion for judgment on the pleadings and for summary judgment is hereby denied.