**FRANTZ EQUIPMENT CO. v. UNITED STATES.**

No. 49773.

United States Court of Claims.

July 9, 1951.

Harry Norman Ball, Philadelphia, Pa., for the plaintiff.

Julian R. Wilheim, Washington, D. C., with whom was Asst. Atty. Gen. H. G. Morison, for the defendant. Louis H. Mehlinger, Washington, D. C., on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

LITTLETON, Judge.

In its plea to the jurisdiction herein the defendant asks the court to dismiss plaintiff's amended petition, under Sec. 1500, Title 28, U.S.C., by reason of the fact that prior to the filing of both its petition and amended petition in this court, and continuously since that time, plaintiff's predecessor Frantz Equipment Company, a Copartnership, had pending in the United States District Court for the Eastern District of Pennsylvania, 91 F.Supp. 807, a counterclaim against the defendant for $12,727.21, in an action brought by the United States entitled *"United States of America, Plaintiff v. William H. Frantz, H. P. Frantz, J. J. McDevitt, individually and as copartners doing business as Frantz Equipment Company, a copartnership, Defendants."*

The defendant's plea is based upon the complaint filed by the United States against plaintiff's predecessor to recover $60,000, excessive profits theretofore determined by the Secretary of War to be due the United States on renegotiation of certain contracts and subcontracts of the Frantz Equipment Company, for its fiscal year ended September 30, 1942, and the answer and counterclaim filed in said court by the partnership and the individual members thereof. The petition of plaintiff, in this court, alleges that it is the successor to the Frantz Equipment Company, Copartnership; that on December 28, 1943, the Frantz Equipment Company entered into a contract with the United States numbered W–36–109–eng–279, wherein the partnership undertook to supply labor and materials in connection with the rebuilding and reconstruction of heavy equipment for the United States; and that on September 15, 1944, the partnership entered into another contract numbered W–30–082–eng–2348, wherein it undertook to supply labor and materials for the War Department. It is further alleged that these contracts were fully performed by the Frantz Equipment Company, and that the sum of $12,727.21 became due from the defendant under the first contract and that $14,464.03 became due from the defendant under the second contract. For the total of these two amounts plaintiff asks judgment against the defendant.

The counterclaim against the defendant which plaintiff filed in the pending action against it in the United States District Court for the Eastern District of Pennsylvania, was for the sum of $12,727.21 claimed by plaintiff to be due from the United States for work performed under the first contract above mentioned, W–36–109–eng–279.

The plaintiff says that the counterclaim filed by it against the United States in connection with the suit of the United States to recover the amount claimed by it to be due from plaintiff, as excess profits determined upon renegotiation of its contracts, is not a suit or process within the meaning of Sec. 1500 of Title 28, U.S.Code, which provides as follows: "The Court of Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States * * *."

In our opinion this position of the plaintiff is not well-taken. By said counterclaim the plaintiff asserted a claim against the United States for the exact amount alleged in its petition to this court, to be due it under one of the contracts made the basis of one of its causes of action in this court. The purpose of Sec. 1500, supra, was to prohibit the filing and prosecution of the same claims against the United States in two courts at the same time. The plaintiff, on March 8, 1946, prior to the filing of its petition herein on September 11, 1950, made use of a counterclaim to assert its claim against the United States, in connection with the suit instituted against the plaintiff by the United States, and asked judgment thereon against the United States in the sum of $12,727.21. By so doing the plaintiff lost its right, so long as said claim remained pending in the District Court, to institute and maintain suit in this court upon the same claim. The applicability of Sec. 1500 to the first claim of plaintiff, asserted in its petition herein, is not conditioned upon the question of whether the District Court had jurisdiction of the claim asserted by the plaintiff therein; and it is not necessary to the decision, upon the defendant's plea to the jurisdiction of this court, for us to discuss the question of whether or not the District Court does or does not have jurisdiction of the counterclaim filed by plaintiff therein.

While it is not necessary to the decision of the question raised by defendant's plea to the jurisdiction under Sec. 1500, supra, it may be noted that under the allegation of plaintiff's amended petition in this court, the claim made for the $12,727.21 under the contract W–36–109–eng–279, of December 28, 1943, appears to be barred in this court, by the statute of limitation of six years, § 2501, since the allegations of the petition with respect to this contract show that the work was performed and the materials were furnished in June and July 1944.

The defendant's plea to the jurisdiction of this court is sustained as to the claim

asserted by the plaintiff in its amended petition for $12,727.21, under contract W–36–109–eng–279, with respect to which plaintiff has a claim pending in the District Court for the Eastern District of Pennsylvania; and is denied as to the claim asserted by the plaintiff in its amended petition herein, under contract with the defendant, W–30–082–eng–2348, dated September 15, 1944. It is so ordered.

JONES, Chief Judge, and HOWELL, MADDEN and WHITAKER, Judges, concur.