# United States Court of Appeals for the Federal Circuit

05-5066

GERALDINE SACCO and KAREN VESTERBY,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

Michael J. Kator, Kator, Parks, & Weiser, P.L.L.C., of Washington, DC, argued for appellants.

Gerald M. Alexander, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for appellee. With him on the brief was Peter D. Keisler, Assistant Attorney General.

Appealed from: United States Court of Federal Claims

Judge Mary Ellen Coster Williams

# United States Court of Appeals for the Federal Circuit

05-5066

GERALDINE SACCO and KAREN VESTERBY,

Plaintiffs-Appellants,

v.

THE UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  June 21, 2006

_____

Before MAYER, BRYSON, and DYK, Circuit Judges.

DYK, Circuit Judge.

Geraldine Sacco ("Sacco") and Karen Vesterby ("Vesterby") appeal a decision of the United States Court of Federal Claims dismissing, for want of subject matter jurisdiction, their claims for attorney's fees pursuant to the Back Pay Act, 5 U.S.C. § 5596(b)(1)(A)(ii).  Sacco v. United States, 63 Fed. Cl. 424, 430 (2004).  We affirm.

BACKGROUND

Sacco was employed as a Special Agent with the Drug Enforcement Agency ("DEA").  In August, 1998, she was placed on administrative leave pending completion of several months of medical treatment and a suitability review.  On December 27, 1998, after Sacco's administrative leave and accumulated annual and sick leave ran out, she entered absent without official leave ("AWOL") status.  On January 15, 1999, Sacco filed an appeal with the Merit Systems Protection Board (the "Board"), alleging

that the DEA had constructively suspended her by forcing her into AWOL status. In February 1999, the DEA removed Sacco from AWOL status and placed her on indefinite administrative leave retroactive to December 27, 1998. The DEA converted Sacco's administrative leave to an indefinite suspension on March 22, 1999. On May 14, 1999, the Board found that the DEA, by removing Sacco from AWOL status, had rescinded the alleged adverse action and dismissed Sacco's appeal as moot. On November 26, 1999, Sacco filed another appeal with the Board, alleging that the DEA had constructively suspended her when it did not rescind her indefinite suspension after she submitted medical evidence of her fitness for duty earlier that month. In February 2000, the DEA rescinded Sacco's indefinite suspension and placed her on non-duty status with pay retroactive to the date she filed the medical evidence. At Sacco's request, the Board dismissed her appeal as moot.

Sacco subsequently requested attorney's fees and expenses for both appeals from the Board pursuant to 5 U.S.C. § 7701(g). The Board denied both requests, concluding that under Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources, 532 U.S. 598 (2001), because the DEA had voluntarily rescinded the alleged adverse actions in both appeals, Sacco did not qualify as a "prevailing party" entitled to fees under the statute. We affirmed, holding that Buckhannon applied to section 7701(g). Sacco v. Dep't of Justice, 317 F.3d 1384, 1387 (Fed. Cir. 2003).

Vesterby was employed as an Occupational Health Nurse at the Soldiers' and Airmen's Home. The agency terminated her for unacceptable conduct effective August 24, 2001. Vesterby appealed to the Board, but after the agency unilaterally rescinded

her termination, the Board dismissed the appeal as moot. On February 19, 2002, Vesterby sought a fee award from the Board under section 7701(g)(1). On April 19, 2002, the Board denied her request, concluding that Vesterby was not a "prevailing party" under Buckhannon. Vesterby appealed to this court, and we stayed the appeal pending our disposition of Sacco's appeal. When we issued our decision in Sacco, Vesterby withdrew her appeal.

Sacco and Vesterby filed suit in the Court of Federal Claims seeking attorney's fees for their Board appeals pursuant to the Back Pay Act. 5 U.S.C. § 5596(b)(1)(A)(ii) (2000). The Court of Federal Claims (Judge Mary Coster Williams), relying on the Supreme Court's decision in United States v. Fausto, 484 U.S. 439 (1988), dismissed the claims for want of subject matter jurisdiction. The court concluded that "[u]nder well entrenched precedent, the Court of Federal Claims has no jurisdiction to entertain actions seeking monetary remedies stemming from adverse personnel actions over which the [Board] and the Federal Circuit have jurisdiction." Sacco, 63 Fed. Cl. at 428.

Sacco and Vesterby timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

DISCUSSION

We review the Court of Federal Claims's dismissal for lack of jurisdiction de novo. Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (en banc).

The appellants contend that the Court of Federal Claims erred in dismissing their case for lack of jurisdiction. They agree that under the Supreme Court's decision in Fausto and our decision in Worthington v. United States, 168 F.3d 24 (Fed. Cir. 1999), the Court of Federal Claims lacks jurisdiction over any claim under the Back Pay Act

that could be asserted before the Board.[1]  They argue, however, that the Board lacked jurisdiction over their claims.

I

First, the appellants assert that the Back Pay Act allows a claim for attorney's fees under a catalyst theory, and that the Board would not have jurisdiction over such a claim.  They point out that our court previously entertained an appeal from a district court in a similar case without suggesting that the district court lacked jurisdiction.  See, e.g., Knight v. United States, 982 F.2d 1573 (Fed. Cir. 1993).  Knight, of course, is not binding precedent on this point because the court did not address the issue.[2]  We conclude that the Back Pay Act does not provide for an award of attorney's fees on a catalyst theory.

A

The attorney's fees provision of the Back Pay Act states:

An employee of an agency who, on the basis of a timely appeal or administrative determination (including a decision relating to an unfair labor practice or a grievance) is found by appropriate authority under applicable law, rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee . . . is entitled, on correction of the personnel action, to receive for the period for which the personnel

---

[1]    See Salinas v. United States, 323 F.3d 1047, 1048-49 (Fed. Cir. 2003); Read v. United States, 254 F.3d 1064, 1067-68 (Fed. Cir. 2001) ("Fausto . . . established that if the [Civil Service] Reform Act gave the Board jurisdiction over a claim involving a specified subject matter or category of employee, the [Court of Federal Claims] had no jurisdiction over that claim under the Back Pay Act . . . ."); Worthington, 168 F.3d at 26-27 ("Fausto deprives the Court of Federal Claims of jurisdiction over personnel actions covered by the [Civil Service Reform Act].").

[2]    See, e.g., Boeing N. Am., Inc. v. Roche, 298 F.3d 1274, 1282 (Fed. Cir. 2002); see also Brecht v. Abrahamson, 507 U.S. 619, 631 (1993) (reaffirming longstanding rule that if a decision does not "squarely address[ ] [an] issue," a court remains "free to address the issue on the merits" in a subsequent case).

action was in effect . . . <u>reasonable attorney fees</u> related to the personnel action which, with respect to any decision relating to an unfair labor practice or a grievance processed under a procedure negotiated in accordance with chapter 71 of this title, or under chapter 11 of title I of the Foreign Service Act of 1980, <u>shall be awarded in accordance with standards established under section 7701(g) of this title</u> . . . .

5 U.S.C. § 5596(b)(1) & (b)(1)(A)(ii) (2000) (emphases added). The Back Pay Act does not explicitly include a requirement that the party claiming attorney's fees be a prevailing party. But the statute does incorporate by reference the "standards established under section 7701(g)," and section 7701(g) includes a prevailing party requirement.

Section 7701(g) provides, in pertinent part, that "the Board . . . may require payment by the agency involved of reasonable attorney fees incurred by an employee . . . if the employee . . . is the <u>prevailing party</u> and the Board . . . determines that payment by the agency is <u>warranted in the interest of justice</u> . . . ." (emphases added). Both section 7701(g) and the attorney's fees provision of the Back Pay Act were included in the 1978 Civil Service Reform Act ("CSRA"). Pub. L. No. 95-454, §§ 205, 702, 92 Stat. 1111, 1216 (1978). The conference report explains that the provisions were intended to provide identical remedies:

> The conference substitute [for the House and Senate attorney's fees provisions] (Sections 7701(g) and 5596(b)(1)(A)(ii)) authorizes attorneys' fees in cases where employee prevails on the merits and the deciding official determines that attorneys' fees are warranted in the interest of justice . . . .

H.R. Conf. Rep. 95-1717 (1978), <u>as reprinted in</u> 4 U.S. Code Cong. & Admin. News 2723, 2876 (1978). The legislative history thus establishes that Congress intended the "prevailing party" and "interest of justice" requirements for recovery of attorney's fees under section 7701(g) to similarly govern fee requests under the Back Pay Act.

05-5066                                                5

We have long held that this provision should be read to include the "prevailing party" requirement of section 7701(g). For example, in <u>Sims v. Department of the Navy</u>, 711 F.2d 1578 (Fed. Cir. 1983), the petitioner argued that in all cases other than those "relating to an unfair labor practice or a grievance," the language of the Back Pay Act fee provision entitled employees to an award of attorney's fees "without any qualification." <u>Id.</u> at 1579-80. We rejected that contention and concluded, based on the plain language and legislative history of the statute, that all requests for attorney's fees under the Back Pay Act are governed by the standards of section 7701(g). <u>Id.</u> So too, in <u>Gavette v. Office of Personnel Management</u>, 808 F.2d 1456, 1461 (Fed. Cir. 1986), we held that a party requesting fees under the Back Pay Act "may recover . . . if he shows that he was the prevailing party and that an award of fees would be in the interest of justice."[3]

The Supreme Court in <u>Buckhannon</u> addressed the question of whether "a party that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a

---

[3] <u>See also, e.g.</u>, <u>Morrison v. Nat'l Sci. Found.</u>, 423 F.3d 1366, 1370 (Fed. Cir. 2005) ("Under the Back Pay Act, Morrison is entitled to reasonable attorneys fees in accordance with the standards established under 5 U.S.C. § 7701(g). . . . [which] provides that reasonable attorney fees may be awarded if the employee was the prevailing party and a fee award is 'warranted in the interest of justice.'" (citation omitted)); <u>Dunn v. Dep't of Veterans Affairs</u>, 98 F.3d 1308, 1311 (Fed. Cir. 1996) ("Attorney fee awards under the Back Pay Act must meet the standards set forth in . . . [section] 7701(g) . . . . First, [petitioners] must show that they prevailed on their claims . . . . Second, [they] must show that justice warrants the award."); <u>Massa v. Dep't of Defense</u>, 833 F.2d 991, 992 (Fed. Cir. 1987) ("To qualify [for attorney's fees] under the Back Pay Act, Massa must have prevailed before the Board, and the award must be warranted in the interest of justice."); <u>Devine v. Nat'l Treasury Employees Union</u>, 805 F.2d 384, 385 (Fed. Cir. 1986) ("In order to recover [attorney's fees under the Back Pay Act], NTEU must show that Smith was the 'prevailing party' and that an award of attorney fees would be 'in the interest of justice.'"), <u>abrogated on other grounds</u>, <u>Raney v. Fed. Bureau of Prisons</u>, 222 F.3d 927 (Fed. Cir. 2000).

voluntary change in the defendant's conduct," is a "prevailing party" under the attorney's fees provisions of the Fair Housing Amendments Act, 42 U.S.C. § 3613(c)(2), and the Americans with Disabilities Act, 42 U.S.C. § 12205. Buckhannon, 532 U.S. at 600-01.[4] The court rejected this "catalyst theory" and held that a party must obtain either an "enforceable judgment[ ] on the merits" or a "court-ordered consent decree[]" to qualify as a "prevailing party" under the statutes. Id. at 604.

The Supreme Court has repeatedly made clear that the various federal attorney's fees statutes should be construed to reach a uniform result. Indep. Fed'n of Flight Attendants v. Zipes, 491 U.S. 754, 758 n.2 (1989) ("[F]ee shifting statutes' similar language is 'a strong indication' that they are to be interpreted alike." (citation omitted)); Hensley v. Eckhart, 461 U.S. 424, 433 n.7 (1983) (The Court's interpretation of "prevailing party" in 42 U.S.C. § 1988(b) is "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'"). Thus, it follows that recovery under the Back Pay Act is not available on a catalyst theory.

B

The appellants offer two additional arguments as to why catalyst recovery should be allowed.

First, they point out that some of our decisions interpreting the Back Pay Act held or assumed that catalyst recovery was available. See, e.g., Cuthbertson v. Merit Sys.

---

4    The language of the two provisions is nearly identical. Compare 42 U.S.C. § 3613(c)(2) (2000) ("In a civil action under subsection (a) of this section, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee and costs."); with 42 U.S.C. § 12205 (2000) ("In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . .").

Prot. Bd., 784 F.2d 370, 372-73 (Fed. Cir. 1986). But these cases are obviously inconsistent with Buckhannon and are no longer good law.

Second, the appellants point out that the District of Columbia Circuit in Sierra Club v. Environmental Protection Agency, 322 F.3d 718, 726 (D.C. Cir. 2003), held that catalyst recovery was available under the attorney's fees provision of the Clean Air Act, 42 U.S.C. § 7607(f), even after Buckhannon. The government chose not to address Sierra Club in its brief, and at oral argument professed unfamiliarity with the case. We have reviewed that decision and find it to be distinguishable.

The Sierra Club decision was based on an unusual circumstance: the statute did not explicitly include or incorporate a prevailing party requirement. See 322 F.3d at 721-22.[5] The Supreme Court had earlier held that the statute did not include a traditional prevailing party requirement, and that catalyst recovery was available under the statute based on its legislative history. See Ruckelshaus v. Sierra Club, 463 U.S. 680, 686 n.8, 687 (1983). And the Supreme Court had not overruled (or even mentioned) Ruckelshaus in Buckhannon. The District of Columbia Circuit concluded that it was obligated to follow Ruckelshaus unless the Supreme Court itself overruled that decision. Sierra Club, 322 F.3d at 725-26.

No comparable circumstance exists here. The Supreme Court has never interpreted this provision of the Back Pay Act; there is no legislative history of the Back Pay Act supporting a catalyst recovery; and the Back Pay Act does include a prevailing party requirement.

---

[5] Section 7607(f) provides: "In any judicial proceeding under this section, the court may award costs of litigation (including reasonable attorney and expert witness fees) whenever it determines that such award is appropriate." 42 U.S.C. § 7607(f) (2000).

Finally, the appellants argue that the Board lacked jurisdiction over their claims because, under the Back Pay Act and its implementing regulation, the Board was not the "appropriate authority" to review their fee requests. They rely on the statute and 5 C.F.R. § 550.807(a), which provides that a request for attorney's fees under the Back Pay Act "may be presented only to the appropriate authority that corrected or directed the correction of the unjustified or unwarranted personnel action." The appellants contend that because the agencies rescinded the personnel actions, the agencies, not the Board, are the "appropriate authorities" to decide their fee requests, and thus that the Board lacked jurisdiction to award attorney's fees. We disagree.

At the time that the adverse actions here were rescinded, the appellants' claims were pending before the Board, not the agencies. The appellants did not secure relief by adjudicatory action of the agencies, but through agency litigation decisions while the matters were on appeal. Unilaterally rescinding a personnel action does not constitute a "[finding] under applicable law, rule, regulation, or collective bargaining agreement" that the appellants "ha[d] been affected by an unjustified or unwarranted personnel action" under the statute. Under these circumstances, the agencies were not "appropriate authorities" to which fee requests could properly be addressed. Thus, when the appellants secured relief at the Board level through voluntary action by the agency, they were not prevailing parties at either the agencies or the Board.

III

Under these circumstances, only the Board has authority to consider an attorney's fees request under the Back Pay Act. The Court of Federal Claims therefore lacked jurisdiction.

CONCLUSION

The decision of the Court of Federal Claims is

AFFIRMED.

COSTS

No costs.