MOORE, Circuit Judge,
concurring.
The only question before this court is whether, under 28 U.S.C. § 1500, the Tribe’s suit in the United States District Court for the District of Columbia “was based on substantially the same operative facts ... at least if there was some overlap in the relief requested” as its suit in the Court of Federal Claims. Keene v. United States, 508 U.S. 200, 212, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993). I agree that we must reverse the Court of Federal Claims because the answer to this question is no, but I write separately to express my reasons for the decision and my concerns over the majority’s unnecessary and troubling expansion of the test under § 1500.
There is only one standard for applying § 1500—the one announced by the Supreme Court in Keene. We could not and *1313 did not modify this standard in Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1551 (Fed.Cir.1994) (en banc), or in Tohomo O’Odham Nation v. United. States, 559 F.3d 1284 (Fed.Cir.2009). In order to fall within § 1500, the two suits must have both “substantially the same operative facts” and there must be “at least ... some overlap in the relief requested.” Keene, 508 U.S. at 212, 113 S.Ct. 2035. It is contrary to Keene to apply § 1500 to two complaints that have no overlap in the relief requested. It is equally contrary to require that the relief requested in the two complaints be the same. None of the language in Loveladies or Totumo may be read to contravene Keene in these ways. Loveladies held that “[i]f the claims are distinctly different, Loveladies are excused from the jurisdictional dance required by § 1500.” 27 F.3d at 1549. This holding is fully consistent with Keene because distinctly different claims have no overlap in the relief requested. Yet Loveladies creates some understandable confusion: “For the Court of Federal Claims to be precluded from hearing a claim under § 1500, the claim pending in another court must arise from the same operative facts, and must seek the same relief.” Id. at 1551; see Tohmio, 559 F.3d at 1288 (“Under the test set forth in Loveladies, § 1500 is applicable only if two claims arise from the same operative facts and seek the same relief.”). When presented with such an ambiguity, we must read our cases as consonant with Supreme Court precedent. Indeed, the ultimate holding of Loveladies leaves no doubt that the standard is substantially the same operative facts and some overlap in the relief requested: “[T]he claims in the two courts are for distinctly different and not the same or even overlapping relief—this case presents the straightforward issue of plaintiffs who seek distinctly different types of relief in the two courts.” 27 F.3d at 1554.
Moreover, I cannot agree with the majority that “(t]he basic holding in Totumo is that § 1500 is not a bar to claims seeking relief in the Court, of Federal Claims where different relief is sought in the Court of Federal Claims and the relief sought in the Court of Federal Claims could not, be awarded in the district court action.” Maj. Op. at 1311. With all due respect to the majority, the narrow holding of Totumo is clear: “Because we conclude that the Nation’s complaint in the Court of Federal Claims seeks relief that is different from the relief sought in its earlier-filed district court action, we reverse.” Totumo, 559 F.3d at 1285; see also id. at 1293 (“Because the relief requested in the Nation’s district court complaint is different from the relief requested in its Court of Federal Claims complaint, § 1500 does not divest the Court of Federal Claims of jurisdiction.”); id. at 1289-91 (detailing the different relief sought in the two complaints). Section 1500 turns on the relief sought, not the jurisdictional limitations of the courts. See Dico v. United States, 48 F.3d 1199, 1204 (Fed.Cir.1995) (“[I]t is the responsibility of the plaintiff to allege, clearly and with specificity, that different claims are involved in its two actions.”). As both parties in this case argued in supplemental briefing, the jurisdiction of the district court is irrelevant in a § 1500 analysis:
The applicability of Sec. 1500 to the first claim of plaintiff, asserted in its petition herein, is not conditioned upon the question of w'hether the District Court had jurisdiction of the claim asserted by the plaintiff therein; and it is not necessary to the decision, upon the defendant’s plea to the jurisdiction of this court, for us to discuss the question of whether or not the District Court, does or does not have jurisdiction of the counterclaim filed by plaintiff therein.
*1314 Frantz Equip. Co. v. United States, 120 Ct.Cl. 812, 98 F.Supp. 579, 580 (Ct.Cl.1951). The majority’s interpretation of the holding in Tohono, which incorporates an evaluation of the relief that can be awarded in the district court, contravenes the binding precedent of Frantz.[1] The majority may be justifiably concerned that the district court lacks jurisdiction to entertain a suit that serves as a legal predicate for money damages. But that issue is not before us. The proper fora for that dispute are the district court and the Court of Appeals for the District of Columbia Circuit.
There is no doubt that under our holding in Tohoho, we must reverse. In Toko-no, we held that § 1500 did not apply to the two complaints, and here, the Tribe took much greater pains to distinguish the relief it seeks in its two suits than the Tohono O’Odham Nation did in Tohono. See Maj. Op. 1312. Even without the close factual analogy of Tohono to aid us, I would reverse because the district court complaint lacks requests for restitution and disgorgement. See Tohono, 559 F.3d at 1295-96 (Moore, J., dissenting).

. Loveladies is not to the contrary. See Maj. Op. at 1312 n. 4. In that case, we did not evaluate the district court’s jurisdiction. Rather, the district court, dismissed the takings claim before it. Even this act of dismissal is irrelevant to the § 1500 analysis. See Keene, 508 U.S. at 204, 113 S.Ct. 2035 (applying § 1500 to a Court of Federal Claims complaint even though the district court had dismissed the complaint filed there five days after the first complaint was filed in the Court of Federal Claims).