**Bonnie HARBUCK, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 02–1829C.

United States Court of Federal Claims.

Sept. 29, 2003.

Bonnie Michelle Smith, Bonaire, Georgia, attorney of record for plaintiff.

Michael David Panzera, Department of Justice, Washington, D.C., with whom was Assistant Attorney General Peter D. Keisler, for defendant. David M. Cohen, Director, and Todd M. Hughes, Assistant Director.

Paula Demuth, United States Department of the Air Force, of counsel.

***OPINION***

FUTEY, Judge.

This civilian pay case comes before the court on defendant's motion to dismiss for lack of subject matter jurisdiction. Plaintiff alleges that she suffered employment-related

discrimination on the basis of sex, in violation of the Equal Pay Act of 1963 (EPA), 29 U.S.C. § 206.

On February 27, 2001, plaintiff filed a complaint against the government in the United States District Court for the Middle District of Georgia (District Court), alleging, *inter alia,* the same EPA violation as is involved in the present case. Plaintiff subsequently became aware of this court's EPA jurisdiction and filed a motion to transfer the EPA component of her case. The motion was granted by the District Court on August 6, 2002, and plaintiff filed an amended complaint in this court on December 18, 2002, alleging the EPA violation. The balance of plaintiff's claim, including a count alleging discrimination under Title VII, 42 U.S.C. § 2000e, continued pending in the District Court. On June 19, 2003, the District Court rendered judgment, dismissing certain claims under the Privacy Act, 5 U.S.C. § 552, and ruling in favor of defendant on summary judgment with respect to all other pending claims. The District Court did not rule on plaintiff's EPA claim.

Defendant argues that the complaint must be dismissed because, under 28 U.S.C. § 1500, this court lacks jurisdiction to dispose of a claim that was filed while the same claim was pending in the District Court.

### Factual Background

Bonnie Harbuck, plaintiff, was employed by the United States Air Force at the Warner Robins Air Logistic Center, in Houston County, Georgia. She began employment as a Clerk Typist, GS–02, in September 1979, and advanced through increasingly responsible positions until she became an Electronics Mechanic, WG–11, in August 1987. She remained at the WG–11 level until December 3, 2000.[1]

During the period 1988 to 2000, plaintiff assumed a new position and performed duties allegedly equal to a male GS–11 employee. In 1995 plaintiff requested a reclassification to a higher level, but no action was taken. After being allegedly passed over for several promotions, plaintiff made informal allegations of discrimination. On the basis of alleged retaliation, plaintiff filed her complaint in the District Court. Plaintiff's EPA claim in this court is based on the simple allegation that "[w]hen the male employee did the work, he received the wages of a GS–11, but when a female did the work she received [lower] wages of a WG–11."[2]

### Discussion

I. Standard of Review

In ruling on a motion to dismiss for lack of jurisdiction under RCFC 12(b)(1), the court must accept as true the complaint's undisputed factual allegations and construe the facts in the light most favorable to plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Hamlet v. United States,* 873 F.2d 1414, 1415 (Fed.Cir. 1989); *Farmers Grain Co. v. United States,* 29 Fed.Cl. 684, 686 (1993). A plaintiff must only make a prima facie showing of jurisdictional facts through the submitted material in order to avoid a defendant's motion to dismiss. *Raymark Indus. v. United States,* 15 Cl.Ct. 334, 338 (1988) (citing *Data Disc, Inc. v. Systems Tech. Assocs., Inc.,* 557 F.2d 1280, 1285 (9th Cir.1977)). If the undisputed facts reveal any possible basis on which the nonmoving party might prevail, the court must deny the motion. *Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683; *Lewis v. United States,* 32 Fed.Cl. 59, 62 (1994). If, however, the motion challenges the truth of the jurisdictional facts alleged in the complaint, the court may consider relevant evidence in order to resolve the factual dispute. *Rocovich v. United States,* 933 F.2d 991, 994 (Fed.Cir.1991); *Lewis,* 32 Fed.Cl. at 62.

II. Jurisdiction

This court has jurisdiction over suits founded on 29 U.S.C. § 206 under the Tucker Act, 28 U.S.C. § 1491, which provides that the "Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either

---

1. Plaintiff's Amended Complaint (Amended Compl.) ¶¶ 5–14.

2. Plaintiff's Response To Defendant's Motion To Dismiss (Pl.'s Response) at 8.

upon the Constitution, or any Act of Congress ...." 28 U.S.C. § 1491(a)(1).

The subject matter jurisdiction of the court is narrowed, however, by 28 U.S.C. § 1500. Section 1500 creates an exception to the general Tucker Act jurisdiction and states, in part, that the court "shall not have jurisdiction of any claim for or in respect to which the plaintiff ... has pending in any other court any suit or process against the United States ...."

Defendant relies on § 1500 in support of its motion, arguing that plaintiff's EPA claim was filed with the court while the same claim was pending in the District Court.[3] Defendant argues further that, despite plaintiff's transfer of the EPA count of its complaint from the District Court to this court, the counts that remained with the District Court were the same for the purposes of § 1500.

### A. Timing Under § 1500

■ To begin, although final judgment on the pending claims has now been rendered by the District Court, the relevant date is not today but plaintiff's date of filing. *UNR Industries, Inc. v. United States,* 962 F.2d 1013, 1021 (Fed.Cir.1992). Notwithstanding the fact that plaintiff's District Court filing was nearly 10 months prior to her filing in this court, plaintiff contends that 28 U.S.C. § 1631 cures any alleged jurisdictional problem arising from the date of filing.

Section 1631 governs the transfer of claims among courts for want of jurisdiction. The statute states in pertinent part:

Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ...

the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred. 28 U.S.C. § 1631.

Plaintiff argues, therefore, that her claim was not "pending" in the District Court when she filed her EPA claim in this court. As a matter of fact, plaintiff's claim was filed with this court on December 18, 2002, whereas her initial claims were filed with the District Court on February 27, 2001. By operation of § 1631, however, the court agrees that plaintiff's EPA claim should be deemed filed on February 27, 2001.

Establishing an earlier date of filing, however, does not resolve the question of jurisdiction. For reasons discussed below, the claims filed in the District Court and the EPA claim filed in this court are substantially the same. At best, the earlier filing date allows plaintiff's claims to be considered as filed simultaneously.

Plaintiff acknowledges that "[w]here the claims in the two cases are identical, [§ 1500] applies when a plaintiff elects to pursue a claim in another court prior to filing"[4] in this court. Conversely, precedent supports the proposition that this court retains jurisdiction over a claim subsequently filed in another court. *Tecon Eng'r, Inc. v. United States,* 170 Ct.Cl. 389, 394, 343 F.2d 943 (1965).[5] Where claims are filed simultaneously, however, "§ 1500 requires a comparison between the claims raised in the Court of Federal Claims and in the other lawsuit." *Keene Corp. v. United States,* 508 U.S. 200, 210, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993).

In *United States v. County of Cook,* 170 F.3d 1084 (Fed.Cir.1999), the United States Court of Appeals for the Federal Circuit (Federal Circuit) ruled on whether claims deemed to be filed simultaneously in the United States Court of Federal Claims and a

---

**3.** Reply To Plaintiff's Response In Opposition To Defendant's Amended Complaint (Def.'s Reply) at 2–3.

**4.** Pl.'s Response at 7 (citing *Seeman, Inc. v. United States,* 5 Cl.Ct. 386, 390–91 (1984)).

**5.** *Tecon* was expressly overruled by *UNR Indus., Inc. v. United States,* 962 F.2d 1013, 1022 (Fed.

Cir.1992). Nonetheless, it was rehabilitated for limited fact circumstances by *Keene Corp. v. United States,* 508 U.S. 200, 216, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993), in which the United States Supreme Court considered *UNR* and found it "unnecessary to consider, much less repudiate ... *Tecon Engineers* [or] *Casman.*"

269

district court were "pending." *Id.* at 1089. The Federal Circuit stated, "the 'filing' of the same claim simultaneously in the district court and the United States Court of Federal Claims by operation of § 1631 deprives the latter court of jurisdiction pursuant to § 1500." *Id.* at 1091.

This judgment reflects the purpose underlying § 1500, which is to require that plaintiffs choose one court in which to pursue their claim, thereby protecting the United States against having to defend two lawsuits over the same matter simultaneously. *Spodek v. United States*, 44 Fed.Cl. 32, 36 (1999) (citing *Johns–Manville Corp. v. United States*, 855 F.2d 1556, 1564 (Fed.Cir.1988)). Assuming plaintiff's EPA claim was the "same" claim as that filed in the District Court, it must be regarded as pending for the purposes of § 1500. An analysis of the "sameness" of those claims follows.

### B. *Same Claim*

█ "Deciding if the claims are the same or distinctly different 'requires a comparison between the claims raised in the Court of Federal Claims and in the other lawsuit.'" *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1549 (Fed.Cir.1994) (quoting *Keene*, 508 U.S. at 210, 113 S.Ct. 2035). "For the Court of Federal Claims to be precluded from hearing a claim under § 1500, the claim pending in another court must arise from the same operative facts, and must seek the same relief .... [A] showing that the two claims arose from the same 'operative facts' is necessary, but not sufficient, to preclude the Court of Federal Claims from hearing a case. To come within the proscription of § 1500, the claims must also seek the same relief." *Loveladies Harbor*, 27 F.3d at 1551–52 (emphasis omitted).

In analyzing a claim, the court looks to the set of operative facts alleged and not the legal theory that is argued. *Johns–Manville*, 855 F.2d at 1563. In other words, "it is 'operative facts' and not legal theories by which claims may be distinguished ...." *Loveladies Harbor*, 27 F.3d at 1549. Further, the operative facts pleaded need not be identical. It is sufficient that they are substantially the same. *Keene*, 508 U.S. at 212, 113 S.Ct. 2035.

Just as the operative facts need not be identical for a claim to be the same, neither does the relief sought. The relief must merely be the same in nature: monetary, injunctive, or declaratory. It is enough that there is some overlap in the relief requested, *id.* at 201, 113 S.Ct. 2035, although § 1500 will not preclude jurisdiction where the relief sought is entirely different. *Casman v. United States*, 135 Ct.Cl. 647, 648 (1956).[6]

### i. Same Operative Facts Alleged

Plaintiff's EPA claim consists of a subset of the same factual allegations as her broader District Court case. Plaintiff pleads, for instance, the following facts to support not only her EPA claim but also the broader claims filed in the District Court: defendant was paying male employees higher wages than plaintiff for work which required equal skill, effort, and responsibility, and which was performed under similar working conditions;[7] defendant failed to properly grade and classify plaintiff's work and compensate her at the appropriate rate;[8] defendant failed to advance plaintiff to the GS–11 or GS–12 level.

Although it is true that plaintiff has advanced different legal theories in this court than those put forward in her District Court complaint, this does not distinguish the claims from one another for the purposes of § 1500. *Johns–Manville*, 855 F.2d at 1563. "The operative facts do not need to support the same legal theories in order to be similar." *Marshall Assoc. Contractors, Inc. v. United States*, 31 Fed.Cl. 809, 813 (1994).

Plaintiff argues that certain facts in her original complaint applied to the Title VII claims, whereas others applied to the EPA

---

**6.** In *Casman* only injunctive relief was sought in a district court and only monetary relief was sought at the United States Court of Claims. See *infra* note 5, regarding *Casman's* status as precedent.

**7.** Amended Compl. ¶ 14; Def.'s Reply, attachment A (copy of Plaintiff's Amended Complaint filed at the District Court), ¶ 50b.

**8.** Amended Compl. ¶¶ 11–13; Def.'s Reply, attachment A, ¶ 50a.

claims. All facts, plaintiff avers, had to be included in the original complaint filed with this court by the rules of transfer, but an amended complaint has cured the duplication. Plaintiff contends that the EPA claim at issue is not merely a subset of the facts at issue in the District Court, but that certain facts and claims have been carved out of her original suit and transferred here. Despite plaintiff's assertion, however, the operative facts of both the case filed in this court and the case filed in the District Court are overlapping. No matter how one parses the complaints, the same alleged discrimination on the basis of sex is at the root of the instant case and at least the Title VII component of the District Court case.

### ii. Same Relief Sought

There is likewise a substantial overlap in the relief requested from both courts. Plaintiff seeks injunctive and declaratory relief only in the district court, but seeks monetary relief from both.[9]

Unlike *Casman*, where plaintiff was seeking "entirely different" relief, here the monetary damages requested from the court could have been awarded by the District Court, at least in effect, as part of plaintiff's damages. Both elements of the test described in *Loveladies Harbor* are met and, therefore, plaintiff's claims are the same under § 1500. Accordingly, the court lacks jurisdiction to hear plaintiff's EPA claim.

### iii. Manifest Injustice

The court understands plaintiff's contention that dismissal of her complaint would result in "manifest injustice." Since this court has exclusive jurisdiction over monetary claims in excess of $10,000 against the United States, 28 U.S.C. § 1491, plaintiff argues that she is deprived of any forum to redress her EPA claim.[10] Plaintiff asserts that her case was mishandled by prior counsel and, but for such mistakes, her case would have been brought to the proper forum.

Nevertheless, plaintiff's District Court case was filed. If plaintiff were allowed to litigate the same claim again, she would have a choice of fora to pursue her claim against the United States, and the United States would have to defend two lawsuits over the same matter.

More fundamentally, however, "courts have no authority to reach the merits of a case in the absence of subject matter jurisdiction, even if they perceive it to be 'in the interest of justice' to do so .... [Courts] must abide by the 'age-old rule that [they] may not in any case, even in the interest of justice, extend [their] jurisdiction where none exists.'" *UNR Industries*, 962 F.2d at 1025 (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)).

### *Conclusion*

For the above-stated reasons, Defendant's Motion To Dismiss is GRANTED. The Clerk is directed to dismiss plaintiff's complaint. No costs.

IT IS SO ORDERED.

---

9. Amended Compl. at 3–4; Def.'s Reply, attachment A, at 11–12.

10. Pl.'s Response to Def.'s Mot. at 13.