Darlene W. LOW, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 09–532C.

United States Court of Federal Claims.

Dec. 7, 2009.

Frederick C. Low, Sand Springs, Oklahoma, for Plaintiff.

Jessica R. Toplin, with whom were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Martin F. Hockey, Jr., Assistant Director, United States Department of Justice, Commercial Litigation Branch, Civil Division, Washington, D.C., for Defendant.

## OPINION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

WHEELER, Judge.

Before the Court is Defendant's October 5, 2009 motion to dismiss Plaintiff's August 13, 2009 complaint for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") and 28 U.S.C. § 1500. This case concerns a settlement agreement that Plaintiff Darlene W. Low and her employer, the Southwestern Power Administration of the Department of Energy ("DOE"), entered into

in the year 2000. (Compl.¶¶ 2–5, 20.) Pursuant to the settlement agreement, the DOE agreed to create a new GS–14 position for Ms. Low by adding certain environmental duties to her responsibilities. *Id.* ¶¶ 3–5, 8. Ms. Low performed these additional duties for seven years following the settlement agreement. *Id.* at ¶ 6. Ms. Low now alleges that the DOE breached the 2000 settlement agreement by removing her environmental duties and transferring them to a younger female employee. *Id.* at ¶ 14, 17, 19. In addition to actual damages, Ms. Low seeks the following relief: (1) damages based on the "traumatic effects of defendant's behavior"; (2) physical separation from the Agency Administrator; (3) damages resulting from the DOE's failure to advance Ms. Low to a GS–15 position; (4) attorney's fees and costs; and (5) "other relief that the Court may deem just and equitable." *Id.* at 9–10.

On June 23, 2009, prior to filing suit in this Court, Ms. Low filed a complaint in the United States District Court for the Northern District of Oklahoma ("District Court") against Steven Chu, Secretary of the Department of Energy, in his official capacity. *See* District Ct. Compl., *Low v. Chu,* No. 09–398 (N.D.Okla. filed June 23, 2009). Ms. Low alleged, among other things, that the DOE breached the 2000 settlement agreement by removing environmental duties from her position and thereby preventing her from operating at a GS–14 level. *Id.* The district court complaint asserted the following causes of action: (1) civil contempt of court for removing Ms. Low's environmental duties and failing to honor its promise to provide her with a GS–14 level position, *id.* at ¶¶ 164–67; (2) four claims based on Title VII of the Civil Rights Act, *id.* at ¶¶ 168–233; (3) age discrimination, *id.* at ¶¶ 234–58; (4) tortious interference with contractual relations based upon the DOE's alleged breach of the 2000 settlement agreement, *id.* at ¶¶ 259–64; (5) material breach of contract and implied covenant of good faith and fair dealing, *id.* at ¶¶ 265–74; and (6) promissory estoppel, *id.* at ¶¶ 275–79. Based upon these causes of action, Ms. Low sought multiple categories of relief, including equitable relief for breaching the 2000 settlement agreement, back pay, liquidated damages, damages for pain and suffering, and attorney's fees and costs. *Id.* at 37–38, 46–49, 51, 56, 59.

On September 21, 2009, the district court granted Defendant's motion to strike Plaintiff's June 23, 2009 verified petition with leave to amend for failure to comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure. *Low v. Chu,* 2009 WL 3104040 (N.D.Okla. Sept.21, 2009). Ms. Low subsequently filed an amended complaint with the district court on September 23, 2009 pursuant to the court's order. (District Ct. Am. Compl., *Low v. Chu,* No. 09–398 (N.D.Okla. filed Sept. 23, 2009).) While the amended complaint removes the initial claims of breach of contract and the implied covenant of good faith and fair dealing, Ms. Low continues to assert that her environmental duties were removed and that she was not operating at the GS–14 level as required by the 2000 settlement agreement. *Id.* at ¶¶ 1–10. The amended complaint specifically seeks front and back pay, damages for pain and suffering, attorney's fees and costs, liquidated damages, and "other equitable remedies that the district court may deem appropriate." *Id.* at 7–8, 10, 11, 13. The action is still pending in district court. *See* Docket Sheet, *Low v. Chu,* No. 09–398 (N.D.Okla. 2009).

On October 5, 2009, Defendant filed in this Court a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1). (Def. Mot. to Dismiss, 1.) Defendant asserts that the Court lacks jurisdiction to hear Ms. Low's complaint because Ms. Low previously filed her suit in district court arising out of the same operative facts and seeking the same relief. *Id.* at 4. In Ms. Low's October 12, 2009 Response to Defendant's Motion to Dismiss, she contends that, because her original complaint before the Northern District of Oklahoma was amended to include only discrimination and retaliation claims, there were no claims pending for purposes of 28 U.S.C. § 1500. (Pl. Resp. to Def. Motion to Dismiss, 3.) Defendant submitted its Reply in Support of its Motion to Dismiss on October 19, 2009 and again maintains that Ms. Low's complaint in this Court includes claims that arise out of the same operative facts and seek the same relief as

her complaint initially filed in district court. (Def. Reply to Pl. Resp. to Def. Mot. to Dismiss, 2.)

For the reasons explained below, the Court finds that Ms. Low's breach of contract claims before this Court were filed after her claims before the Northern District of Oklahoma. The Court further finds that Ms. Low's claims in both suits are the same for purposes of 28 U.S.C. § 1500, because the claims arise from the same operative facts, and request the same relief. Accordingly, Defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED.

## Factual Background

Ms. Low is an employee with the Southwestern Power Administration ("SWPA"), a federal agency within the DOE. (Compl.¶ 1.) In 1999, Ms. Low filed suit against the Secretary of Energy pursuant to Title VII of the 1964 Civil Rights Act alleging gender discrimination. *Id.* at ¶ 2. Prior to the scheduled trial, Ms. Low and the DOE entered into a settlement agreement whereby the DOE offered Ms. Low a GS–14 position in exchange for dismissal of her claims. *Id.* at ¶¶ 3–4. In connection with the settlement, the DOE added certain environmental duties to Ms. Low's position. *Id.* at ¶ 4. Ms. Low performed these additional environmental responsibilities for a period of seven years after entering into the settlement agreement. *Id.* at ¶ 6.

In April 2007, Ms. Low's supervisor began transferring Ms. Low's environmental duties to a younger female employee. *Id.* ¶ 14. As a result of the removal of these duties, Ms. Low filed an Equal Employment Opportunity ("EEO") complaint on August 28, 2008, asserting discrimination and breach of the 2000 settlement agreement. *Id.* at ¶ 31. During the course of the EEO investigation, Ms. Low learned that even with the additional environmental duties, she had not been operating at a GS–14 level. *Id.* at ¶¶ 34–36. After the DOE issued a final agency decision finding no evidence of discrimination, Ms. Low filed her complaint in this Court on August 13, 2009, asserting that the DOE breached the 2000 settlement agreement and committed fraud against Ms. Low. *Id.* at ¶ 33, 39. Ms. Low also alleges that the DOE

breached the implied covenant of good faith and fair dealing and committed a tortious interference with contract. *Id.* at ¶¶ 41–42. Ms. Low had filed her district court action in the Northern District of Oklahoma on June 23, 2009.

## Discussion

### A. Standard of Review

When considering a motion to dismiss for lack of subject matter jurisdiction under RCFC 12(b)(1), the Court accepts as true the undisputed allegations in the complaint and draws all reasonable inferences in favor of the plaintiff. *Hamlet v. United States,* 873 F.2d 1414, 1416 (Fed.Cir.1989), *abrogated on other grounds by, Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). Plaintiff bears the burden of establishing by a preponderance of the evidence the facts sufficient to invoke the Court's jurisdiction. *See Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988) (citation omitted). In determining whether plaintiff has met this burden, the Court may look "beyond the pleadings and 'inquire into jurisdictional facts' in order to determine whether jurisdiction exists." *Lechliter v. United States,* 70 Fed.Cl. 536, 543 (2006) (quoting *Rocovich v. United States,* 933 F.2d 991, 993 (Fed.Cir.1991)). This Court will dismiss for lack of subject matter jurisdiction only where it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *See Frymire v. United States,* 51 Fed.Cl. 450, 454 (2002) (quotations omitted).

### B. Jurisdiction

Under the Tucker Act, the Court of Federal Claims has jurisdiction to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress . . . ." 28 U.S.C. § 1491(a)(1). However, § 1500 limits the Court's subject matter jurisdiction in certain circumstances where a plaintiff has filed the same complaint in another court. *See* 28 U.S.C. § 1500. Section 1500 provides:

The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in any respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

*Id.* This statute has been interpreted to mean that the Court of Federal Claims lacks subject matter jurisdiction when a plaintiff has elected to file the same claim in another court prior to filing in this Court. *Cooke v. United States,* 77 Fed.Cl. 173, 176 (2007); *Harbuck v. United States,* 58 Fed.Cl. 266, 268 (2003), *aff'd,* 378 F.3d 1324 (Fed.Cir. 2004).

▬ In order to determine whether § 1500 applies, the Court must first assess whether Ms. Low has "pending in any other court any suit or process against the United States." *United Keetoowah Band of Cherokee Indians in Okla.v. United States,* 86 Fed.Cl. 183, 187 (2009) (citing *Breneman v. United States,* 57 Fed.Cl. 571, 575 (2003) *aff'd* 97 Fed.Appx. 329 (Fed.Cir., 2004)); *see also Keene Corp. v. United States,* 508 U.S. 200, 206–07, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993). If the Court determines that a claim is pending for purposes of § 1500, the Court must then assess whether the two claims arise out of the same operative facts and seek the same relief. *Cooke,* 77 Fed.Cl. at 175 (2007) (citing *Loveladies Harbor, Inc. v. United States,* 27 F.3d 1545, 1550–51 (Fed.Cir.1994)); *see also Harbuck,* 378 F.3d at 1328. Only if both of these conditions are met will the Court of Federal Claims lack jurisdiction to entertain Ms. Low's claims. *United Keetoowah Band of Cherokee Indians,* 86 Fed.Cl. at 187; *Heritage Minerals, Inc. v. United States,* 71 Fed.Cl. 710, 716 (2006).

1. *Timing Under Section 1500*

▬ Whether another claim is "pending" for purposes of § 1500 is determined "at the time at which the suit is filed, not the time at which the Government moves to dismiss the action." *Loveladies Harbor,* 27

F.3d at 1548; *Nez Perce Tribe v. United States,* 83 Fed.Cl. 186, 190 (2008) (quoting *Keene Corp.,* 508 U.S. at 207, 113 S.Ct. 2035). In other words, a claim is considered "pending" whenever "another claim has *already* been filed in a different court *at the time* the complaint is filed in this Court." *Nez Perce Tribe,* 83 Fed.Cl. at 190 (emphasis in original); *see also Keene Corp.,* 508 U.S. at 208, 113 S.Ct. 2035 (describing § 1500's "has pending" language as a "time of filing" requirement). Conversely, this Court is not divested of jurisdiction when a claim that was first filed here is subsequently brought in another court. *See Harbuck,* 58 Fed. Cl. at 268; *Tecon Eng'rs, Inc. v. United States,* 170 Ct.Cl. 389, 343 F.2d 943, 949 (1965).

In this case, there is no doubt that Ms. Low's complaint in district court was pending prior to the filing of her complaint in this Court. Ms. Low first filed her complaint in district court on June 23, 2009. Nearly two months later on August 13, 2009, Ms. Low filed a similar complaint in the Court of Federal Claims. While the district court allowed Ms. Low to submit an amended complaint on September 23, 2009, the jurisdiction of the Court "depends upon the state of things at the time of the action brought." *Keene Corp.* 508 U.S. at 207, 113 S.Ct. 2035; *Loveladies Harbor,* 27 F.3d at 1548. Thus, at the time Ms. Low's breach of contract claims were filed in this Court, Ms. Low's initial complaint was already pending before the Northern District of Oklahoma. Had Ms. Low attempted to amend the substance of her district court complaint prior to filing here, the Court would have taken into account the amended complaint for its § 1500 analysis below. However, because the June 2009 district court complaint was pending when Ms. Low filed her complaint in the Court of Federal Claims, Plaintiff's amended complaint is irrelevant to the Court's analysis. Thus, this case hinges on whether Ms. Low's June 2009 district court complaint and her August 2009 Court of Federal Claims complaint are the same for purposes of § 1500.

2. *Same Claim*

▬ "Deciding if the claims are the same or distinctly different requires a com-

parison between the claims raised in the Court of Federal Claims and in the other lawsuit." *Harbuck,* 378 F.3d at 1329 (quoting *Loveladies Harbor,* 27 F.3d at 1549). "For the Court of Federal Claims to be precluded from hearing a claim under § 1500, the claim pending in another court must arise from the same operative facts, *and* must seek the same relief." *Loveladies Harbor,* 27 F.3d at 1551 (emphasis added). Failure to meet "either the 'same operative facts' or the 'same relief' requirement precludes the [Court of Federal Claims] from applying 28 U.S.C. § 1500." *Heritage Minerals,* 71 Fed.Cl. at 716 (2006).

### a. *Same Operative Facts Alleged*

■■■ Claims are considered the same for purposes of § 1500 "where they arise from the same operative facts, even if the operative facts support different legal theories which cannot all be brought in one court." *Harbuck,* 378 F.3d at 1329 (quoting *Johns–Manville Corp. v. United States,* 855 F.2d 1556, 1567 (Fed.Cir.1988)). The Federal Circuit in *Loveladies Harbor* described 'operative facts' as those facts "relevant to a judicially imposed remedy." F.3d at 1551, n. 17. Thus, claims involving "the same general factual circumstances, but distinct material facts can fail to trigger § 1500." *Heritage Minerals,* 71 Fed.Cl. at 716 (citing *Branch v. United States,* 29 Fed.Cl. 606, 609 (1993)). In other words, § 1500 is not implicated where "material facts supporting each claim are characterized as largely dissimilar." *Id.* (citing *Branch,* 29 Fed.Cl. at 609); *see also Griffin v. United States,* 85 Fed.Cl. 179, 185 (2008); *d'Abrera v. United States,* 78 Fed.Cl. 51, 58 (2007).

Precedent requires the Court to engage in a careful comparison of the operative facts to determine whether § 1500 is applicable. *See Keene Corp.,* 508 U.S. at 210, 213, 113 S.Ct. 2035; *see also d'Abrera,* 78 Fed.Cl. at 58 (2007). In *Griffin v. United States,* for example, the plaintiff filed claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, 2000e–1 to 2000e–17, the Age Discrimination in Employment Act, 29 U.S.C. § 623(d), and the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), in district court, and the latter claim was later transferred to this court. 85 Fed.Cl. 179, 182–84 (2008). In her transferred complaint, plaintiff asserted the transferred claim for an alleged violation of the EPA and a new claim for an alleged violation of the Fair Labor Standards Act ("FLSA"). *Id.* at 183. The court found that both plaintiff's EPA claim and her district court Title VII claim arose from the same operative facts: the Army's alleged discriminatory actions in paying plaintiff less compensation than it paid men to perform similar work. *Id.* at 185. The court held that plaintiff's claims should be treated as the same for purposes of § 1500. *Id.* Similarly, in *Harbuck,* a plaintiff brought claims under the EPA and Title VII in district court, then subsequently transferred the EPA claim to the Court of Federal Claims. *Harbuck,* 58 Fed Cl. at 267. The court determined that plaintiff's EPA claim was simply a "subset of the same factual allegations" of discrimination on the basis of sex as plaintiff's broader district court case and thus, both claims arose from the same set of operative facts. *Id.* at 269.

On the other hand, this Court held in *Cooke* that plaintiff's FLSA claim transferred and filed in this Court involved "later and different conduct" than her EPA claim, filed in district court. The court recognized that the FLSA-related paragraphs of plaintiff's district court complaint contained facts that occurred at a later period than did her EPA-related complaints. 77 Fed.Cl. 173, 177–78 (2007). Thus, the court concluded that a material difference existed in the operative facts between the two claims. *Id.* at 178. Likewise, in *Heritage Minerals,* plaintiffs brought a claim against the Navy in this Court relating to the installation and maintenance of groundwater-monitoring wells on their property, while a pending action in the Third Circuit Court of Appeals alleged the Navy's contamination of groundwater on their property. 71 Fed.Cl. at 711. This court retained jurisdiction over the plaintiffs' claim reasoning that the installation and maintenance of the monitoring wells constituted "different conduct" and therefore did not involve the same operative facts. *Id.* at 716.

■ Here, Ms. Low argues that the two suits before this Court and the district court involve different claims. (Pl. Resp. to Def. Mot. to Dismiss 2–4.) However, Ms. Low provides the Court with no basis to explain why her assertions are true other than to note that there is "an extremely small amount of 'common facts' in both claims."[1] *Id.* at 4. Despite Plaintiff's assertions, the operative facts of the case filed in this Court and the case filed in the district court are overlapping. Both complaints are premised on the same alleged facts that: (1) the DOE added certain environmental duties to Ms. Low's position in connection with the 2000 settlement agreement (Compl. ¶¶ 4, 6, District Ct. Compl. ¶ 3–4); (2) those duties were subsequently taken away from her and given to a younger female employee (Compl. ¶ 14, District Ct. Compl. ¶¶ 33, 36–37, 43–44); and (3) even with the additional environmental duties, Ms. Low was not operating at the GS–14 level as required in the settlement agreement (Compl. ¶¶ 34–36; District Ct. Compl. ¶¶ 8–9.) Unlike the plaintiffs in *Cooke* and *Heritage Minerals*, Ms. Low's allegations cover the same time span, involve the same parties and discuss the same conduct. No matter how one parses Ms. Low's complaints, Ms. Low's suits in both courts amount to no more than "different manifestations of the same underlying claim." *Griffin*, 85 Fed.Cl. at 185 (citing *Harbuck*, 378 F.3d at 1329). The Court therefore finds that Ms. Low's district court complaint and her complaint filed in this Court involve the same operative facts for purposes of § 1500.

### b. *Same Relief Sought*

■ Determining that two claims arose from the same operative facts is "necessary but not sufficient, to preclude the Court of Federal Claims from hearing a case. To come within the proscription of § 1500, the claims must also seek the same relief." *Loveladies Harbor*, 27 F.3d at 1551–52. The relief requested does not need to be identical but only the same in nature. *Harbuck*, 58 Fed.Cl. at 269. Thus, there only needs to be

"some overlap in the relief requested" for § 1500 to apply. *Griffin*, 85 Fed.Cl. at 186 (quoting *Keene Corp.*, 508 U.S. at 212, 113 S.Ct. 2035); *see also Harbuck*, 378 F.3d at 1329. As long as the same relief is sought in both cases, the second prong of § 1500 is satisfied. *Harbuck*, 378 F.3d at 1329.

■ The Federal Circuit has emphasized that it is the "relief that the plaintiff *requests* that is relevant under § 1500." *Tohono O'Odham Nation v. United States*, 559 F.3d 1284, 1291 (Fed.Cir.2009) (citing *Keene Corp.*, 508 U.S. at 212, 113 S.Ct. 2035) (emphasis in original); *see also Eastern Shawnee Tribe of Okla. v. United States*, 582 F.3d 1306, 1311 (Fed.Cir.2009). Plaintiff need not make a heightened showing of "difference" between the requested reliefs. *Tohono O'Odham Nation*, 559 F.3d at 1288–89. Either the relief in the two complaints is the same, or it is not. *Id.* at 1288. Thus, in analyzing a plaintiff's complaint, the Court distinguishes between cases where the relief sought in both courts is the same but under different legal theories, and cases where "a different type of relief is sought in the district court (equitable) from that sought in the Court of [Federal] Claims (money)." *Johns–Manville*, 855 F.2d at 1566 (citing *Casman v. United States*, 135 Ct.Cl. 647 (1956)); *Loveladies Harbor*, 27 F.3d at 1550 (same). That the plaintiff includes "other and different … relief in the two complaints" does not preclude the application of § 1500. *Harbuck*, 378 F.3d at 1329; *Yankton Sioux Tribe v. United States*, 84 Fed.Cl. 225, 231 (2008).

Where plaintiff has requested the same type of relief such as monetary damages in both courts, this Court has applied § 1500 to bar his or her claim. In *Harbuck*, the Federal Circuit affirmed the trial court's holding that an award of back wages under the Equal Pay Act was the same as an award of back wages under Title VII for the same time period, thereby dismissing plaintiff's suit in the Court of Federal Claims. 378 F.3d at 1329; *see also Dico, Inc. v. United States*, 48 F.3d 1199 (Fed.Cir.1995) (noting that the

---

1. The Court finds Ms. Low's statement especially odd in light of her June 2009 district court complaint where she readily admits that her claims before the district court contain "many common facts" in relation to the claims she intended to file in the Court of Federal Claims. (District Ct. Compl. 3).

amount of monetary relief in both courts was identical). However, where plaintiff has requested a different measure of relief in the two courts, then the two claims are not the same for purposes of § 1500. *See OSI, Inc. v. United States,* 73 Fed.Cl. 39, 45 (2006) (holding that two claims were not the same when each sought different measures and amounts of monetary relief); *Loveladies Harbor,* 27 F.3d at 1553 (finding that plaintiff's claim in the Court of Federal Claims for monetary relief was not the same claim as its district court complaint, which could have been granted by injunction).

The Federal Circuit's two most recent decisions discussing § 1500 are consistent with this view. In *Tohono O'Odham Nation,* the Federal Circuit held that § 1500 is not a bar where a plaintiff's complaint in the Court of Federal Claims seeks relief "not requested in the district court, and which the district court is ... powerless to award." 559 F.3d at 1292. In that case, the Federal Circuit noted that the plaintiffs sought equitable relief to make an adjustment of its account balances in the district court, whereas the plaintiffs sought consequential damages, or damages at law, in the Court of Federal Claims. *Id.* at 1290–91. The Court emphasized that the Court of Federal Claims complaint contained an express request for damages, while the district court complaint did not. *Id.* at 1289. As such, § 1500 did not divest the Court of Federal Claims of jurisdiction. *Id.* Similarly, in *Eastern Shawnee Tribe of Oklahoma,* the Federal Circuit noted that plaintiffs sought equitable relief in the district court and requested monetary damages in the Court of Federal Claims. 582 F.3d at 1311–12. The Federal Circuit held that because consequential damages were not sought in the district court, and that the district court could not award such damages, § 1500 did not bar the Court of Federal Claims' action. *Id.*

A review of Ms. Low's complaints demonstrates that the relief Ms. Low seeks in both courts is the same. While Ms. Low asserted significantly more causes of action in her district court complaint, her complaints in both courts alleged tortious interference with contractual relations, material breach of con-

tract, and breach of the implied covenant of good faith and fair dealing. (Compl. 9, District Ct. Compl. 56–57.) Ms. Low requested the same relief in connection with these claims. In Ms. Low's district court complaint, she requested:

1. Equitable relief for breaching the 2000 settlement agreement by removing the environmental duties and failing to provide her with an opportunity to compete for a GS–15 level position (District Ct. Compl. 37, 38);

2. Back pay based on the DOE's alleged failure to consider Ms. Low for a GS–15 position (District Ct. Compl. 46);

3. Attorney's fees and costs (District Ct. Compl. 38, 47, 48, 49, 51, 56, 57);

4. Damages due to Defendant's alleged malicious and/or willful behavior (District Ct. Compl. 56);

5. Physical separation from the Agency Administrator (District Ct. Compl. 56); and

6. Damages for mental suffering (District Ct. Compl. 59).

Similarly, Ms. Low's complaint before this Court seeks actual damages; physical separation from the Agency Administrator; damages resulting from the DOE's failure to consider her for a promotion to a GS–15 level position; damages for mental suffering; attorney's fees and costs; and other relief as the Court "may deem just and equitable." (Compl.9–10.)

Unlike plaintiffs in *Tohono O'Odham Nation* and *Eastern Shawnee Tribe,* Ms. Low's complaint in this Court does not exclusively seek damages at law, nor does her district court complaint only seek equitable remedies. Instead, Ms. Low seeks monetary damages in both courts for lack of promotion, and for mental suffering. She also seeks specific performance and other equitable remedies in this Court and in the district court. In essence, Ms. Low has requested the same relief for the breach of contract causes of action in both courts. Given the overlap in the relief Ms. Low requests, the Court finds that the second prong of § 1500 is satisfied. As Ms. Low's complaints in both courts arise from the same operative facts

and request the same relief, Ms. Low's complaint in this Court must be dismissed.

### 3. Manifest Injustice

Ms. Low argues that dismissing her complaint in this Court pursuant to § 1500 is "an extremely poor use of all resources" and "does not advance the concerns stated by the United States." (Pl. Resp. to Def. Mot. to Dismiss 4.) Ms. Low joins a long line of plaintiffs critiquing the injustice that often results in the application of this outdated and ill-conceived statute. *See e.g., Yankton Sioux Tribe,* 84 Fed.Cl. at 226–27 (critiquing § 1500 as "unfair and unworkable"); *Keene Corp.,* 508 U.S. at 222, 113 S.Ct. 2035 (Stevens, J. dissenting) ("Admittedly, this is a badly drafted statute . . . [that] does not lend itself easily to sensible construction."); *A.C. Seeman, Inc. v. United States,* 5 Cl.Ct. 386, 389 (1984) (noting that "Section 1500 is an anachronism . . . and over the years has been encrusted with numerous shadings and tortured constructions."); *Passamaquoddy Tribe v. United States,* 82 Fed.Cl. 256, 262 (2008) ("[Section] 1500 . . . [is] an awkward tool that has outlived its original purpose."); *d'Abrera,* 78 Fed.Cl. at 56, n. 10 (2007) (describing § 1500 as a "trap for the unwary."); *see also* David Schwartz, "Section 1500 of the Judicial Code and Duplicate Suits Against the Government and Its Agents," 55 Geo. L.J. 573, 574 (1967) (arguing that § 1500 "result[s] in wasteful litigation and in the loss of part or all of the remedy provided by Congress"); Paul F. Kirgis, "Section 1500 and the Jurisdictional Pitfalls of Federal Government Litigation," 47 Am. U.L.Rev. 301, 306 (1997) (noting that "[s]ection 1500 was, and continues to be, burdened with ambiguity that creates real-world problems for many litigants.").

Passed shortly after the Civil War, § 1500 was originally intended to preclude duplicative actions seeking compensation for cotton seized by parties who had assisted Confederate soldiers. *See Keene Corp.,* 508 U.S. at 206–07, 113 S.Ct. 2035 (1993); *Johns–Manville,* 855 F.2d at 1560–62 (Fed.Cir.1988); *Frantz Equip. Co. v. United States,* 120 Ct. Cl. 312, 98 F.Supp. 579, 580 (1951). The underlying purpose of the statute was to "force an election where both forums could grant relief, arising from the same operative facts." *Heritage Minerals,* 71 Fed.Cl. at 714 (2006) (quoting *Johns–Manville,* 855 F.2d at 1564 (Fed.Cir.1988)). In other words, § 1500 was meant to "prohibit the filing and prosecution of the same claims against the United States in two courts at the same time." *Johns–Manville,* 855 F.2d at 1562.

Unfortunately, due to a series of judicial decisions interpreting this statute, § 1500 in practice often fails to produce its intended result. Rather than preventing a plaintiff from filing two actions seeking the same relief for the same claims, § 1500 "merely requires that the plaintiff file its action in the Court of Federal Claims *before* it files its district court complaint." *Tohono O'Odham Nation,* 559 F.3d at 1291 (emphasis in original). As Judge Allegra noted in *Griffin,* "[f]ile a lawsuit in this court on Monday and another involving the same claims in the U.S. district court on Tuesday, and all is jurisdictionally well." 85 Fed.Cl. at 182. Reverse the order and file the same suit in district court first, and § 1500 requires this Court to dismiss the latter suit. This is generally so even if the Court of Federal Claims is the only court in which the suit could have been brought. *See Frantz Equip. Co.,* 98 F.Supp. at 588 (holding that the district court's jurisdiction over claims asserted in the district court is irrelevant to a Section 1500 analysis). *But see Loveladies Harbor,* 27 F.3d at 1554 (holding that where the district court concludes that it lacks jurisdiction, a § 1500 analysis is inapplicable). Because a party can simply avoid § 1500 entirely by filing in the Court of Federal Claims first, this statute "functions as no more than a 'jurisdictional dance' " leaving plaintiffs like Ms. Low without a forum to hear their claims. *Tohono O'Odham Nation,* 559 F.3d at 1291 (quoting *Loveladies Harbor,* 27 F.3d at 1549). This surely was not the result this statute was intended to produce.

Ms. Low's counsel seemed to be subtly aware of the jurisdictional issues in this case when the initial complaint was filed in district court. Counsel apparently attempted to address these issues by requesting that the district court "resolve" the jurisdiction "for

all claims." (District Ct. Compl. 3). In apparent ignorance of the long line of cases discussing the application of § 1500, Ms. Low's counsel then filed the similar complaint in this Court. It was not until Defendant filed its motion to dismiss pursuant to § 1500 that Plaintiff's counsel tried to correct his steps by amending the district court complaint and removing the breach of contract claims. *See* District Ct. Am. Compl. Counsel's efforts were to no avail. Because of these missteps, Ms. Low has lost the opportunity to have this Court review the potential merits of her breach of contract claims. Had Plaintiff merely filed suit in this Court first, § 1500 would not have been a concern.

Nevertheless, despite the harsh outcome, this Court has held that the "[a] court may not in any case, even in the interest of justice, extend its jurisdiction where none exists." *Johns–Manville*, 855 F.2d at 1565. In this case, the Court lacks jurisdiction to entertain Ms. Low's claims because a previously filed complaint resting on the same operative facts and seeking the same relief is pending before district court. While the effect on Ms. Low's claims is unfortunate, this Court must grant Defendant's motion to dismiss.

### Conclusion

Based upon the foregoing, Defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED. The Clerk is directed to dismiss Plaintiff's complaint without prejudice. No costs.

IT IS SO ORDERED.